UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                           )<br>          Plaintiff,                          )<br>                                                           )<br>v.                                                      )<br>                                                           )<br>ROBERT DONZELL LUCKIE, III,   )<br>                                                           )<br>          Defendant.                      )<br>_____ ) | Case No. 1:06-pt-00011<br><br>Honorable Richard Alan Enslen |

## REPORT AND RECOMMENDATION

As the Court is aware, there is a Petition for Warrant or Summons for Offender Under Supervision pending regarding Robert Donzell Luckie, III, a participant in the ACE program. The petition alleges that Mr. Luckie violated various conditions of his supervised release, specifically:

VIOLATIONS 1 AND 2: On November 17, 2006, Mr. Luckie was presumptively positive for the use of marijuana, confirmed by lab results on November 21, 2006, in violation of a general condition that defendant not illegally possess a controlled substance and also in violation of Standard Condition Number 7.

VIOLATION 3: Mr. Luckie failed to accurately notify the probation officer of his residence, after changing residences on multiple occasions, in violation of Standard Condition Number 6.

VIOLATIONS 4 AND 5: It is also alleged that defendant violated the general condition that he not commit another federal, state or local crime and failed to notify his probation officer within 72 hours of being arrested or questioned by a law enforcement officer as required by Standard

Condition Number 11.  Mr. Luckie was arrested by the St Joseph Township Police on October 16, 2006 for Driving While License Suspended and Open Container of Alcohol - Motor Vehicle Driver, and failed to report this within 72 hours.  He pled guilty to at least one of the charges.

VIOLATIONS 6 AND 7: There is also an allegation that Mr. Luckie submitted a false supervision report for the month of October 2006, a violation of Standard Condition Number 2 and general conditions that he not commit another crime and that he not illegally possess a controlled substance.

As the Court will recall, Mr. Luckie was taken into custody at the December 12, 2006 ACE hearing.  A hearing was held on Monday, December 18, 2006.  At that hearing, defendant pled guilty to the various violations.  The undersigned recommends that his sanction be as follows:

First, the undersigned recommends a six month period of custody.  Second, it is recommended that Mr. Luckie, upon release from custody, spend a period of eleven months in the K-PEP program, with the possibility of early release should it be warranted by his compliance with the terms and conditions of supervision and the requirements of the ACE program.  Mr. Luckie has nine months to complete in the ACE program.

It is further recommended that Mr. Luckie be sentenced to a period of supervised release of 49 months unless he, prior to the expiration of that time, successfully completes the ACE program and one year of supervision.

It is further recommended that all previous conditions of supervision as ordered on February 11, 2000 be reinstated with the following additions:

1.	Defendant shall reside for a period of eleven months at the Kalamazoo Probation Enhancement Program - Benton Harbor, Michigan, with work release and educational privileges, and shall observe the rules of that facility.

2.	Defendant shall refrain from all use or possession of alcoholic beverages, and shall not frequent places whose primary purpose is the sale/serving of alcohol.

3.	Defendant shall participate in vocational training, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

4.	Defendant shall participate with GED studies and complete a GED test at least once per year during supervision until obtaining the certificate.

5.	Defendant shall not operate a motor vehicle without licensing from the state of Michigan.

6.	Defendant shall obtain and maintain verifiable full-time employment.

7.	Defendant shall not possess and/or use any mobile electronic communication device, including but not limited to cellular phones and pagers, without the prior permission of the probation officer.  If required by the probation officer, the defendant shall supply copies of the complete bill to the probation officer each month.


Date:  December 27, 2006               /s/ Ellen S. Carmody
                                       ELLEN S. CARMODY
                                       United States Magistrate Judge


NOTE TO COUNSEL: Any objections to this report and recommendation must be filed within ten days or shall be considered waived.